UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERT ANTHONY GRAYER | CIVIL ACTION |
| VERSUS | NO. 23-1133 |
| WARDEN HEATH MARTIN, ET AL. | SECTION "E" (2) |

## ORDER AND REASONS

Plaintiff Albert Anthony Grayer filed a motion (ECF No. 6) seeking appointment of counsel to assist him in this *in forma pauperis* civil rights action under 42 U.S.C. § 1983, in which he challenges the conditions of confinement and medical care provided in the Tangipahoa Parish Jail. He contends that he cannot afford document copies, mailing costs, or counsel. *Id*. at 1. He claims that counsel would be needed to present evidence and cross-examine witnesses. *Id*. He also asserts that his efforts to retain counsel have been unsuccessful. *Id*.; ECF No. 6-1 at 1-2 (Letters Declining Representation).

Section 3(d) of the April 22, 2014 Resolution of the En Banc Court (permanently adopted on October 5, 2016) provides: "In cases filed by prisoners, counsel may not be appointed from the Panel until the Magistrate Judge has determined that the case should proceed beyond the screening process required in 28 U.S.C. § 1915A." The court is currently conducting its statutory frivolousness review of Grayer's complaint pursuant to 28 U.S.C. § 1915A, § 1915(e)(2), and 42 U.S.C. § 1997e(c), as applicable. As part of that review, the court also may schedule a *Spears*[1] hearing to further develop the facts alleged in the complaint. Only after completion of the required screening process will this court be in a position to assess whether "exceptional

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991) (discussing purpose of *Spears* hearing).

circumstances"[2] exist to warrant appointment of counsel in this proceeding. Therefore, at this time, Grayer's request for appointment of counsel is premature. Accordingly,

**IT IS ORDERED** that Grayer's Motion for Appointment of Counsel (ECF No. 6) is **DENIED** without prejudice to his right to re-urge his request after completion of the statutorily mandated screening review.

New Orleans, Louisiana, this  5th  day of May, 2023.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] There is no automatic right to appointment of counsel in a civil rights case so the court may not appoint counsel as a matter of course or ordinary practice. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citing *Castro Romero v. Becke*n, 256 F.3d 349, 353–54 (5th Cir.2001)); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Castro v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001). Rather, in civil rights cases, counsel should be appointed only upon a showing of "exceptional circumstances" based on a consideration of the type and complexity if the case, the litigant's ability to investigate and present the case adequately, and the level of skill required to present the evidence. *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Romero*, 486 F.3d at 354; *see also Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992). In addition, the court should consider whether appointment would be a service to the court and all parties in the case by "sharpening the issues . . . ., shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Ulmer*, 691 F.2d at 213.