UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERT ANTHONY GRAYER | CIVIL ACTION |
| VERSUS | NO. 23-1133 |
| WARDEN HEATH MARTIN, ET AL. | SECTION "P" (2) |

### FINDINGS AND RECOMMENDATION

Plaintiff Albert Anthony Grayer filed this *pro se* and *in forma pauperis* prisoner civil rights complaint under 42 U.S.C. § 1983 against defendant Tangipahoa Parish Jail ("TPJ") Warden Heath Martin, Lieutenant Terry Lane, Master Sergeant Michael Johnson, and Sergeant Alexandria Nanni, each in an individual and official capacity, alleging deliberate indifference to his First, Fifth, Eighth, and Fourteenth Amendment rights based on the unconstitutional conditions of his confinement in the jail, including denial of basic human needs, due process, access to courts, unsanitary living conditions, and indifference to medical needs. ECF No. 1 at 1, 5, 6; ECF No. 1-1, at 1-3.

After considering the complaint and Grayer's *Spears* hearing testimony,[1] I issued a Report and Recommendation (ECF No. 12), recommending that Grayer's § 1983 claims against defendants Warden Martin and Lieutenant Lane, each in their official and individual capacities, and defendants Sergeants Nanni and Johnson, each in their official capacities, and Grayer's § 1983 claims of unsanitary conditions of confinement, cold food, failure to protect, lack of adherence to grievance policies, and denial of access to courts be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e), § 1915A and 42 U.S.C. § 1997e as frivolous and for failure to state a claim for which

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

relief can be granted. *Id*. at 32. I also recommended that Grayer's § 1983 claims of medical indifference against Defendants Nanni, Johnson, Sergeant Mott, and Sergeant Sebastian Temple, each in their individual capacities, be allowed to proceed for further pretrial proceedings. *Id*. at 33. The Report is pending review by the District Judge.

A copy of the Report and Recommendation and an order I issued for service upon the defendants were separately mailed by the clerk of court to Grayer at his only address of record in the Tangipahoa Parish Jail. ECF Nos. 12, 13. I also later issued a show cause order for Grayer to provide a proper service address for Sergeant Temple, which also was mailed by the clerk of court to Grayer at the TPJ address. ECF No. 17. The envelope containing this show cause order has not been returned as undeliverable.

On October 25, 2023, the clerk of court docketed two returned envelopes, both of which were stamped "RETURN TO SENDER – INMATE NOT HERE"[2] The first returned envelope, received by the clerk weeks earlier on September 27, 2023, contained the court's September 7, 2023, Report and Recommendation.[3] The second envelope, received by the clerk weeks earlier on October 5, 2023, contained the court's September 8, 2023, service order.[4] The Court has not received any additional pleadings or responses to its prior orders from Grayer.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.[5] In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to

---

[2] ECF Nos. 18, 19.
[3] ECF No. 19.
[4] ECF No. 18.
[5] *Hulsey v. State of Texas*, 929 F. 2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F. 2d 744, 749 (5th Cir. 1987).

comply with the court's order.[6] Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[7] A *pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[8]

All litigants are obligated to keep the court advised of any address change.[9] In addition, the complaint form used by Grayer to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[10] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[11]

Grayer has not contacted the court or provided a current address within 35 days of the return of the first undeliverable envelope.[12] His failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Grayer himself, justifying dismissal of his complaint and any remaining claims and defendants for failure to prosecute.[13]

---

[6] *Markwell v. County of Bexar*, 878 F. 2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F. 2d 472, 474–75 (5th Cir. 1986).
[7] *Birl v. Estelle*, 660 F. 2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).
[8] *Kersh v. Derozier*, 851 F. 2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F. 2d at 593.
[9] *See* EDLA Local Rules 11.1 and 41.3.1.
[10] ECF No. 1, ¶VI(2), at 14 (Plaintiff's Declaration).
[11] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[12] *See*, L.R. 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.")
[13] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

In a final effort to provide Grayer with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Grayer is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Grayer that any objection should contain a short summary of the reasons why he failed to comply with the court's previous orders. Grayer is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Grayer also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[14]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Albert Anthony Grayer's 42 U.S.C. § 1983 complaint and any remaining claims and defendants be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b). This recommendation is

---

[14] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).

in addition to the recommendations and grounds for dismissal of certain claims and defendants already presented to the District Judge in the September 8, 2023, Report and Recommendation (ECF No. 12).

New Orleans, Louisiana, this 30th day of November, 2023.

                                          DONNA PHILLIPS CURRAULT
                                        UNITED STATES MAGISTRATE JUDGE